BANCO DE PUERTO RICO *v.* OLIVIERI Y SOBRINO.

APPEAL from the District Court of Mayaguez.

No. 65.—Decided January 26, 1906.

APPEAL—DOCUMENTS WHICH THE TRANSCRIPT OF RECORD SHOULD CONTAIN.—The transcript of record on appeal from a final judgment should contain only those documents required by the provisions of sections 233 and 299 of the Code of Civil Procedure.

ID.—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—Questions raised on appeal which are based on the evidence taken in the trial court cannot be considered in the absence of a bill of exceptions or statement of facts.

CITATION—CASES IN WHICH THE COMPLAINT RUNS AGAINST TWO OR MORE PERSONS DOING BUSINESS UNDER A COMMON NAME.—Citation to answer a complaint brought against two or more persons associated in any business under a common name, may be served upon all of the associates or upon any one of them.

The facts are stated in the opinion.

*Mr. Juan Quintero* for appellant.

*Mr. Sarmiento* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The Banco de Puerto Rico filed the following complant in the District Court of Mayaguez:

"Hon. Judge Isidoro Soto Nussa.—The Banco de Puerto Rico, and in its name and behalf, Ramón Quiñones y Quiñones, its attorney in this case, brings a mortgage action against the agricultural firm

of Oilvieri y Sobrino, consisting of its managing partner, Pedro León Olivieri y Monsanto, and other partners, Isabel Monsanto y Tos, widow; Juana Elena Olivieri y Monsanto, unmarried; Matilde Olivieri y Monsanto, married to Antonio Mut y Castillo; and Aurelia María Olivieri y Monsanto, married to Candelario Dávila y Baerga, all residents of Mayagüez.

"This action is brought upon the following facts: According to deed No. 774, executed before Notary Mariano Riera Palmer, in Mayagüez, on October 11, 1900, Candelario Dávila y Baerga, as the general attorney in fact of the firm of Olivieri y Sobrino, acknowledged an indebtedness to J. Tornabells & Co., in Liquidation, in the sum of $9,926.56, American gold, offering to repay it in the following payments: $1,188.10 on January 15, 1901; $1,747.69 on each 15th day of January of the years 1902 to 1905, inclusive; $1,747.70 on January 15, 1906.

"To secure these payments he mortgaged the following estate: The plantation 'Aurelia,' situated in the *barrio* of Rio Cañas Arriba, of this municipality, containing 88 hectares, 37 ares, and 68 centiares, 235.59 *cuerdas* of banana, pasture, and uncleared land, with a frame dwelling house with a roof of clay tiles, two huts, employes' quarters, threshing house, cart shed, coffee dryer, kitchen, mill house, coffee mortar, coffee-cleaning mill, and other appurtenances; bounded on the north by lands belonging to Ramón Guasp, José Morales and the Estate of Gordils; on the east by lands belonging to Demetrio Bolta, Agapito Ponce, and Teófilo Olivieri; on the south by lands belonging to said Olivieri, Fernando and Ciprián Paplaza, Concepción Martell, and J. Tornabells & Co.; and on the west by lands of Manuel López and of Amado Olivieri. This Estate is also security for an additional credit of 2,000 *pesos* gold, as costs and expenses.

"Messrs. J. Tornabells & Co., in Liquidation, assigned the said mortgage to the bank, by deed executed in Mayaguez before Notary José de Diego y Martínez on May 20, 1901. The debtor, Olivieri y Sobrino, was notified of this assignment in the deed itself, and agreed with the new creditor upon an extension of the first installment which had been due and payable since January, 1901, to December 15th of the same year, agreeing to pay also, in addition to the installment, interest at the rate of 9 per cent per annum; and in the event of default, at the rate of 12 per cent. The debtors have not paid the debt, thus owing the bank the first five installments, which are past due, and the last installment, which will fall due on January 15, 1906. Under the circumstances the plaintiff is entitled to execution against the defendant for the five installments due and unpaid, reserving the

right to issue execution for the last installment when it shall mature. The amount, therefore, sought to be recovered in this action is $8,178.76, plus interest for the delay on the entire sum from the date of the filing of this complaint, which, under the contract, is at the rate of 12 per cent. Therefore, I pray the court to adjudge the firm of Olivieri y Sobrino, of which Pedro León Olivieri y Monsanto is the manager, to pay to the Banco de Puerto Rico, the plaintiff, forthwith, the sum of $8,178.76 due, which said firm owes it, plus interest for the delay at the rate of 12 per cent per annum on the entire sum, from the date this complaint was filed, to the date of the execution of the judgment; and that the marshal be directed to sell, at public auction, the property mortgaged, and to pay the debtor the proceeds of such sale on account of his claim, with the reservation established by the Mortgage Law (article 131) in the event of the price of the sale exceeding the amount claimed; that such excess be applied to the last installment not yet due; all in case said debtor should not make immediate payment. Mayaguez, March 15, 1905.—Attorney Ramón Quiñones.

The defendants mentioned in this complaint were duly summoned and notified that, should they fail to appear and make answer within ten days after service of summons, the plaintiff had the right to pray for judgment in his favor.

Said ten days passed without answer being made, and the plaintiff, in accordance with the provisions of section 194 of the Code of Civil Procedure, asked the secretary of the court to enter the default; which was done on April 3, 1905.

On the following day, Teófilo Olivieri y Monsanto, calling himself a partner of the debtor firm of Olivieri y Sobrinos, and alleging that he had not been summoned to answer the complaint, prayed the district court for time to make answer, and that the adverse party deliver the proper copies to him.

It does not appear that any action was taken on this petition.

The district court rendered the following judgment:

"This cause was called to trial in its regular order. The plaintiff appeared through its counsel, Attorney Ramón Quiñones, but the

defendants, although duly summoned, did not appear, and their default was entered. .The court, after hearing the arguments and evidence of the plaintiff, reserved judgment until to-day, May 9, 1905, and on this day holds' that the law and the facts are in favor of the plaintiff, and therefore adjudges that the latter recover from the defendants the sum of $8,178.76, being the five installments due of the principal obligation contracted by the debtor, plus interest at the rate of 12 per cent per annum as agreed upon, from the 15th of January last, when the complaint was filed, and the costs. And it is further decreed and ordered that the Estate mortgaged be attached and that it be sold at public sale, to be advertised by notices to be published once a week for thirty days in one of the newspapers having the largest circulation in the district, and that such notice be also posted in the courtroom, in the district in which the mortgaged Estate is situated, and in the office of the marshal, or in any other public place of the locality, the notices to set forth that the sale is made for the payment of. the first five installments of the six into which the obligation is divided, and to call attention to the fact that the sixth installment falls due on January 15, 1906; and that with the proceeds of the sale due payment be made to the mortgage creditor of the amount of the sum claimed, plus interest and costs. It is further ordered that this judgment shall have the force and effect of an order of possession which shall be given the purchaser of the Estate within thirty days from the date of the sale. And it is ordered that execution issue against the property of the defendants for the satisfaction of this judgment.—Attest: Isidoro Soto Nussa.''

Attorney Juan Quintero, on behalf of the defendants, Olivieri y Sobrino, took an appeal from this judgment to this Supreme Court, submitting a copy of the mortgage deed of Olivieri y Sobrino in favor of J. Tornabells & Co., in Liquidation, a copy of the mortgage notes executed with the endorsements to the Banco Español, later called the Banco de Puerto Rico, a copy of the deed of assignment by Tornabells & Co., in Liquidation, to the present Banco de Puerto Rico; and, finally, a copy of a communication from the attorney for said bank to the Registrar of Property of Mayaguez, asking him for a certificate to the effect that the mortgage had not been cancelled, and a copy of the certificate requested and issued by the registrar.

All these copies are certified by the attorney for the appellant.

Said attorney subsequently filed his brief, which, owing to its brevity and for the sake of clearness, we transcribe herewith:

"First. Olivieri y Sobrino entered into an agricultural partnership which was composed of Olivieri y Monsanto, Isabel Monsanto y Tos, Juana Elena Olivieri y Monsanto, Matilde Olivieri y Monsanto, Aurelia María Olivieri, and Teófilo Olivieri y Monsanto. All of the members of said firm were managing partners, and León Olivieri y Monsanto was empowered to administer it as the superintendent and manager of said agricultural firm.

"Second. That León Olivieri, in his capacity of manager, gave a general power of attorney to Candelario Dávila, who, by instrument executed on October 11, 1900, before Notary Mariano Riera Palmer, acknowledged an indebtedness to Messrs. J. Tornabells & Co. in the sum of $9,926.56, American gold, mortgaging the agricultural Estate in their favor; the partnership was constituted and they executed mortgage notes in favor of Tornabells & Co., which the latter assigned to the branch of the Banco Español, at the same time assigning the credit in reference.

"Third. After the mortgage installments had fallen due, the Banco Español changed its name to the Banco de Puerto Rico and brought an action against Olivieri y Sobrino, summoning all of the partners and leaving out of the complaint Teófilo Olivieri, a partner; and upon the latter praying the court in a petition, which appears at folio 6 of the record, to be admitted as a party and that he be given the legal term to make answer to the complaint, the judge of Mayaguez did not take any action, thus violating sections 72 and 74 of the Code of Civil Procedure.

"Fourth. If the mortgage credit was executed without the intervention of the partner Teófilo Olivieri y Monsanto it is void, because according to the articles of partnership the manager could not encumber the property of the partnership, for which the agreement of all the partners was necessary; and the power held by Dávila is neither perfect nor sufficient."

The real record, in view of the fact that a final judgment rendered in the default of the defendants is involved, should

contain only the matters required by section 299 and 233 of the Code of Civil Procedure.

"Section 299. In an appeal from a final judgment, the appellant must furnish the court with a copy of the notice of appeal, of the judgment roll.

"Section 233. The judgment roll shall consist of:

"1. In case the complaint be not answered by any defendant, the summons, with the affidavit or proof of service, and the complaint, with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment."

Under the circumstances, we cannot consider the first, second and fourth points of the brief, because they do not form part of that record to which we have referred, nor is there any bill of exceptions or statement of facts.

With regard to the third point, the record shows as a matter of fact, that Teófilo Olivieri was not summoned, but it does not appear that he was a member of the debtor firm, as he is not mentioned either in the complaint or in the judgment.

But even if it were true that he was a partner, section 73 of the Code of Civil Procedure decides the point against him. Said section provides:

"When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such case being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, in the same manner as if all had been named defendants, and had been sued upon their joint liability."

But this answer would be proper in an allegation by Teófilo Olivieri y Monsanto, but cannot be alleged by Olivieri y Sobrino, who are the appellants, because all the persons who, according to the complaint, form the membership of said partnership, were duly summoned.

There being no grounds, therefore, for the annulment, modification, or reversal of the judgment appealed from, we

recommend that it be affirmed, with the costs against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, MacLeary and Wolf concurred.